**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ROSE A. BATT,** | ) | **CASE NO.1:09CV162** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **MAXIMUS FEDERAL SERVICES,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the Removal by Defendant Maximus Federal Services of Plaintiff Rose A. Batt's Complaint, originally filed in Lakewood Municipal Court. On December 31, 2008, Plaintiff filed her Complaint in the Lakewood Municipal Court as a Small Claims Complaint. The face of the Complaint is a one page pre-printed form listing the Plaintiff's name and address and Defendant's name and address. Under "Statement of Claim" is a one word description of the claim-"Fraud"-, and a prayer for judgment in the amount of $3,000 plus interest from the date of judgment and costs. No other description, claim or facts are contained in the Complaint.

On January 23, 2009, Defendant removed the case to U.S. District Court, contending the

Complaint presents a question of federal law. Defendant alleges it is an independent contractor with the Centers for Medicare and Medicaid Services and reviews certain decisions regarding Medicare benefits made by organizations. The Notice of Removal and supporting affidavit contend Defendant's only contact with Plaintiff was its review of a decision by Community Care Rx regarding Plaintiff's Medicare Part D prescription drug benefits. Therefore, Defendant contends, the only claim Plaintiff's claim asserts is fraud under the Medicare Act 42 U.S.C. § 1395 *et seq.*

A state court action may be removed to federal court if it qualifies as a "civil action ... of which the district courts of the United States have original jurisdiction, unless Congress expressly provides otherwise." 28 U.S.C. § 1441(a). "To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat. Bank in Meridian*, 299 U.S. 109,112 (1936). "Concern about encroaching on a state court's right to decide cases properly before it, requires this court to construe removal jurisdiction narrowly." *Cole*, 728 F.Supp. at 1307 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941)). The United States Supreme Court has held, "that [t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). This District has recently re-emphasized that, "where the defendant bases removal on federal question jurisdiction, a federal question must be presented on the face of the plaintiff's pleaded complaint." *Frasca v. Shaker Square Chiropractic, Inc*., 252 F. Supp. 2d 368 (N.D. Ohio 2002).

A removed case *must* be remanded if the district court lacks subject matter jurisdiction.

28 U.S.C. § 1447(c). In addition, "[w]here there is doubt as to federal jurisdiction, the doubt should be construed in favor of remanding the case to the State court where there is no doubt as to its jurisdiction." *Walsh v. American Airlines, Inc.*, 264 F.Supp. 514, 515 (E.D.Ky. 1967); see also *Breymann v. Pennsylvania, O. & D. R.R.*, 38 F.2d 209, 212 (6th Cir. 1930). For jurisdictional purposes, a claim arises under federal law only if plaintiff's statement of the cause of action affirmatively shows that it is based on federal law. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6-8 (2003). District courts can *sua sponte* dismiss a complaint at any stage of the proceeding if jurisdiction is lacking. *In re Lewis v. Boyd,* 398 F.3d 735, 739 (6th Cir.2005). ( "The existence of subject matter jurisdiction may be raised at any time, by any party, or even *sua sponte* by the court itself." ).

Because the Complaint on its face does not allege a federal question this Court lacks subject matter jurisdiction over Plaintiff's Complaint. Therefore, the Court remands the case back to Lakewood Municipal Court for further adjudication.

IT IS SO ORDERED.

2/27/2009                                          S/ Christopher A. Boyko
                                                   CHRISTOPHER A. BOYKO
                                                   United States District Judge